NO. 07-05-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 24, 2006

_____


JEFFREY K. BRAZIL, APPELLANT

V.

TIMOTHY T. KHATER, M.D., APPELLEE


_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523,253; HONORABLE WILLIAM C. SOWDER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code permitting an interlocutory appeal by agreed order, appellant Jeffrey K. Brazil presents a sole issue contending the trial court erred in (1) striking the expert testimony of Jay Mark Lustbader, M.D., of Washington D.C., regarding causation in his health care liability claim

against appellee Timothy T. Khater, M.D. and (2) granting in part Khater's no-evidence motion for summary judgment. Specifically, he asserts the trial court erred in striking Lustbader's testimony because his qualifications were not disputed and the testimony was relevant and reliable. We affirm the order granting in part and denying in part objections and motion to strike the expert's testimony and order granting in part and denying in part Khater's amended no-evidence motion for summary judgment.

Brazil was born with congenital cataracts which were surgically removed during childhood. His aphakia created very poor vision for which he used contact lenses and or glasses to correct. Brazil contacted Khater to inquire about intraocular placement of lenses. Following lens implantation surgery, Brazil commenced this lawsuit asserting Khater was negligent in performing the surgery. Brazil named Lustbader as an expert witness to support his claim of negligence and to support proximate cause of the claimed injuries and damages. After Lustbader's deposition was taken, Khater moved to strike portions of his testimony as *ipse dixit* statements that related to the proper standard of care and causal connection between the surgery and the subsequent retinal detachment suffered by Brazil. Upon consideration of the motion to strike, the trial court denied the motion as to the proper standard of care, but granted it in part as to Lustbader's testimony "to the effect that any alleged negligent act or omission on the part of Timothy T. Khater, M.D. caused or contributed to the retinal detachment."

Upon a hearing on Khater's amended no-evidence motion for summary judgment based on the order striking part of Lustbader's testimony that Khater's negligence caused or contributed to the retinal detachment, the trial court granted the motion in part and denied it in part. The parties elected to proceed with an agreed order prompting this interlocutory appeal pursuant section 51.014(d) of the Code.

By his sole issue, Brazil contends the trial court erred in striking Lustbader's testimony regarding causation because his qualifications were not disputed and the testimony was relevant and reliable. We disagree. Before we commence our analysis, we first consider the appropriate standards of review.

**STANDARDS OF REVIEW**

No-Evidence Summary Judgment

In our determination of whether the partial no-evidence summary judgment was proper, we apply the standard of review presented in Kimber v. Sideris, 8 S.W.3d 672, 675-676 (Tex.App.--Amarillo 1999, no pet.).

Expert Testimony

The admissibility of expert testimony is governed by the two part test set out in E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995), and is within the discretion of the trial court. *Id.* at 558. Under *Robinson*, Brazil had the burden to show (1) the expert was qualified and (2) the proffered testimony was relevant and based on a

3

reliable foundation.  To demonstrate an abuse of discretion, Brazil must also show the trial court acted without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Couch v. Simmons, 108 S.W.3d 338, 341 (Tex.App.-- Amarillo 2003, no pet.).  There is no abuse, however, simply because a trial court may decide a matter within its discretion differently than an appellate court.  *Downer*, 701 S.W.2d at 242.  When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court, thus insulating the trial court's decision from appellate second guessing.  Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002).

**Analysis**

By his objection and motion to strike Lustbader's testimony, as material here, Khater alleged the expert's causation opinion should be stricken because he could not rule out with reasonable medical certainty or reasonable medical probability other non-negligent causes of the retinal detachment, and his causation opinions were unreliable, speculative, and /or constituted nothing more than *ipse dixit.*

In our analysis, among other factors, we consider the six *Robinson* factors as follows:

4

(1) the extent to which the theory has been or can be tested;

(2) the extent to which the technique relies upon the subjective interpretation of the expert;

(3) whether the theory has been subjected to peer review and publication;

(4) the technique's potential rate of error;

(5) whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community; and

(6) the non-judicial uses that have been made of the theory or technique.

923 S.W.2d at 557. *See also* Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 714 (Tex. 1997). Further, the reliability requirement of Rule 702 of the Texas Rules of Evidence focuses on the principles, research, and methodology underlying an expert's conclusions. In *Couch*, we held that expert testimony is unreliable if it is not grounded in the methods and procedures of science and is no more than subjective belief or unsupported speculation. 108 S.W.3d at 341.

We continue our analysis by considering factors two, three, and five discussed in *Robinson* with relevant portions of Lustbader's testimony. By his deposition, he acknowledged:

- he knew of no scientific studies or any published literature to support his causation opinion;

- he was unaware of any prevailing authority that discussed the technique of using a suture versus a sulcus method of adhesion;

- he acknowledged he had never published any article or comment regarding the procedure or his opinion;

- he did not recall ever seeing any article from a recognized journal that supported his opinion during the last 13 years;

5

- he had never seen, diagnosed, read about, or studied a situation whereby an inferiorly dislocated lens will cause a retinal detachment; and

- his opinion was based on his training and experience.

Citing Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 726 (Tex. 1998), Brazil contends the *Robinson* factors are not applicable because Brazil's surgery was unusual "for today" and that both experts agreed the absence of medical literature and research into these surgical circumstances is the result of continuing changes regarding this type of surgery and how it is now performed. However, although *Gammill* suggests that experience may provide a sufficient basis for an expert's testimony in some cases, it also recognizes that such is not true in every case. *Id*. at 722. The fact that the expert's opinion has not been published or evaluated in professional journals does not compel a determination that his opinion is wrong, however the absence of any review or evaluation by third parties renders his personal opinion unreliable. *See Couch*, 108 S.W.3d at 341-42.

To constitute evidence of causation, an expert opinion must rest in reasonable medical probability. Insurance Co. of North America v. Myers, 411 S.W.2d 710, 713 (Tex. 1966). Later, in Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 500 (Tex. 1995), the Court acknowledged the need to avoid opinions based on speculation and conjecture. Even assuming that Lustbader's opinion based on his personal experience in Washington D.C. is correct, a question we do not decide, the absence of medical literature at this time

6

and general knowledge in the medical community of the procedure recommended by Lustbadfer renders a determination of the foreseeability element of proximate cause speculative. *See* Leitch v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996).

Brazil suggests that Marvelli v. Alston, 100 S.W.3d 460, 479 (Tex.App.--Fort Worth 2003, pet. denied), supports his position that the absence of medical literature does not render the opinion merely subjective and *ipse dixit* statements. However, *Marvelli* is not controlling because, considering the evidence presented there, the gatekeeper concluded that the expert's opinions were not merely subjective *ipse dixit* statements unsupported by scientific principle or data and were reliable. Moreover, the *Robinson* factors do not constitute the legal equivalent of a *litmus test*, but instead, furnish guidelines for the trial court to use in determining the relevance and reliability requirements in discharging its duty as the gatekeeper. Here, however, based on the evidence before it, in exercising its discretion, the gatekeeper excluded the expert's opinion as to causation. Concluding that Brazil has not met his burden, we find the trial court did not abuse its discretion in striking Lustbader's expert testimony regarding causation and, consequently signing the partial summary judgment. Brazil's sole issue is overruled.

Accordingly, the interlocutory order granting the no-evidence summary judgment in part is affirmed.

Don H. Reavis
Justice